UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DIANNA L. WOOD, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 4:18-cv-02547 |
| COVINGTON CREDIT OF TEXAS, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** Dianna L. Wood ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Covington Credit of Texas, Inc., ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and maintains significant business contacts in the Southern District of Texas.

1

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant, a subsidiary of Southern Management Corporation, is a leading small loan consumer finance company.[1] Defendant is a corporation organized under the laws of the state of Texas with its principal place of business located at 101 North Main Street, Suite 600, Greenville, South Carolina. Defendant's registered agent is C T Corporation System with an address of 1999 Bryan Street, Suite 900, Dallas, Texas.

## FACTS SUPPORTING CAUSES OF ACTION

6. On December 29, 2017, Plaintiff financed a television set and a stereo system with Defendant for $957.16 ("subject debt").

7. Plaintiff was making timely payments to Defendant until Plaintiff began experiencing immense financial hardship, resulting in default.

8. On or around January 2018, Plaintiff began receiving calls to her cellular telephone number, (214) XXX-1154, from Defendant, requesting payment on the subject debt.

9. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

10. On or around February 8, 2018, Plaintiff called Defendant and told Defendant to stop calling her as she was unable to make her scheduled payments and will need to reschedule any future payments on the subject debt.

---

[1] https://www.mymoneytogo.com/

11. Failing to acquiesce to Plaintiff's demand that it stop calling, Defendant continued to call Plaintiff.

12. On March 7, 2018, Plaintiff answered a call and *again* requested Defendant to stop calling her cellular phone.

13. Notwithstanding Plaintiff's requests that Defendant cease placing calls to her cellular phone, Defendant placed or caused to be placed no less than 57 harassing phone calls to Plaintiff's cellular phone between February 2018 and the present day.

14. Moreover, in the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

15. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

16. Likewise, Plaintiff also hears what sounds to be call center noise in the background of Defendant's collection calls.

17. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

18. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times in one day, and on back to back days, with such frequency as can be reasonably expected to harass.

19. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using a predictive dialing system, an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

20. The phone number that Defendant most often uses to contact Plaintiff is (214) 943-8586, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

## DAMAGES

21. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

22. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

23. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

24. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number

4

using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

27. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

28. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff's cellular telephone.

29. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

30. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

31. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

32. Defendant violated the TCPA by placing no less than 57 phone calls to Plaintiff's cellular phone between February 2018 and the present day, using an ATDS without her prior consent.

33. Any prior consent, if any, was revoked by Plaintiff's multiple verbal revocations.

34. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

35. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

36. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

37. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

38. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff DIANNA L. WOOD respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Awarding Plaintiff costs and reasonable attorney fees;
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

41. The alleged subject debt is a "debt" "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

42. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

### a. Violations of TDCA § 391.302

43. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

44. Defendant violated the TDCA when it continuously called Plaintiff's cellular phone after she notified it to stop calling. This repeated behavior of systematically calling Plaintiff's phone despite her demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would not default on a payment. The frequency and volume of calls, as well as the statements made by Defendant's representative regarding the notations on Plaintiff's account, shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing her.

45. Furthermore, Defendant relentlessly contacted Plaintiff multiple times. Placing such voluminous calls in short succession constitutes conduct causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, and harass Plaintiff into making payment in violation of the TDCA.

46. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff DIANNA L. WOOD respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and
f. Award any other relief as the Honorable Court deems just and proper

**Plaintiff demands trial by jury.**

Dated: July 23, 2018

Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com